IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHANNON C. O'CONNOR,

                     Plaintiff,

  v.

                                                OPINION and ORDER

KILOLO KIJAKAZI,
Acting Commissioner of                                   20-cv-887-jdp
Social Security,

                     Defendant.

---

Meredith Marcus, counsel for plaintiff Shannon O'Connor, moves under 42 U.S.C § 406(b) for a fee award of $18,556.50. Dkt. 26. O'Connor was awarded $74,226.00 in past-due benefits. *See* Dkt. 26-1, at 4. Marcus's requested fee is equal to 25 percent of O'Connor's past-due benefits, so it falls within the amount allowed by statute and the parties' fee agreement. Dkt. 26-2. Counsel was previously awarded $6,800 in fees under Equal Access to Justice Act (EAJA). Dkt. 26. Counsel asks the court to award only the net amount of $11,756.50, the difference between the total fee award and the EAJA award that she already received, and allow her to retain the EAJA award.

The commissioner doesn't take a position on the reasonableness of Marcus's requested fee. Dkt. 27. But it objects to Marcus's request that the court direct the commissioner to pay the award because the agency withheld only $6,000 of O'Connor's past-due benefits for attorney fees. *See* Dkt. 26-1, at 4 (notice of award); Dkt. 27, at 4 (commissioner's brief). The commissioner states that it "appears likely" that this happened because O'Connor had previously entered into a fee agreement with a different attorney, Amanda Meyer, who represented O'Connor at the agency level prior to O'Connor's appeal to this court. Dkt. 27,

at 5. O'Connor's agreement with Meyer provided that if O'Connor won her case, Meyer's attorney fee would be the lesser of 25 percent of past-due benefits or $6,000. *See* R. 145.

Both sides do a poor job explaining how this situation came about and how the issue should be resolved. In particular, the commissioner alludes to the idea that Meyer may have some claim to the $6,000 of withheld benefits, but she doesn't state that expressly, and she doesn't explain why it would be inappropriate to order the agency to release the $6,000 in withheld funds to Marcus. Marcus, for her part, replied to the commissioner's objection by stating that she seeks an award for representation before this court and representation at the agency level. Dkt. 30, at 1. But that only confuses things further, because this court cannot award fees for representation before the agency. The court takes Marcus to mean that the amount of her fee under § 406(b) should not be reduced because of any existing § 406(a) award.

The parties have not given the court enough information to sort through the issues with O'Connor's withheld benefits. But commissioner represents that "[p]ayment of any authorized § 406(b) fees will be handled in accordance with agency regulations and policy." Dkt. 27, at 6. And O'Connor's fee agreement provides that if the agency releases past-due benefits that should have been withheld for fees, O'Connor will "pay this amount to [her] attorney." Dkt. 26-2, at 2. Marcus states that the portion of the past-due benefits mistakenly released to O'Connor, $12,565, is being held in escrow pending the outcome of the fee motion. Dkt. 30, at 2. In light of that, the court will decide only whether Marcus's requested fee under § 406(b) is reasonable and will leave it to counsel, the commissioner, and O'Connor herself to sort out how the fee is to be paid.

The court concludes that counsel's requested fee is reasonable. Counsel's firm spent 37.5 hours on work before this court, which represents 33.55 hours of attorney time and 3.95 hours of paralegal time. Dkt. 26-4. Most of that time was spent reviewing the administrative record and drafting plaintiff's brief in support of reversing the commissioner's decision. If paralegal time is excluded from the calculation, counsel's requested fee results in a proposed effective rate of about $553 per hour. That rate is reasonable in light of counsel's risk of non-recovery, the work she performed, the results she obtained, and the amounts awarded in similar cases. *See, e.g., DeBack v. Berryhill,* No. 17-cv-924-jdp, Dkt. 31 (W.D. Wis. May 4, 2020) (approving effective rate of $800 per hour); *Fischer v. Saul,* No. 17-cv-327-jdp, 2019 WL 5310676 (W.D. Wis. Oct. 21, 2019) (approving effective rate of $641 per hour). The court will grant counsel's motion and approve a fee award in the gross amount of $18,556.50 under § 406(b) for work done before this court. Counsel may retain the $6,800 previously awarded in EAJA fees in partial satisfaction of the § 406(b) award.

ORDER

IT IS ORDERED that:

1. Counsel's motion for attorney fees under 42 U.S.C. § 406(b), Dkt. 26, is GRANTED.

2. The court approves representative fees under § 406(b) in the gross amount of $18,556.50.

3. Counsel may retain the $6,800 previously awarded in EAJA fees in partial satisfaction of the § 406(b) award. Counsel is entitled to the net amount of $11,756.50.

Entered August 8, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

4